PETERSON, Chief Judge.
Charles Keller, Jr., appeals the State of Florida Public Employees Relations Commission (PERC) dismissal of his complaint alleging the denial of a veteran’s preference in connection with his application for promotion to the position of lieutenant with the Volusia County Sheriffs Department (VCS). We affirm.
Keller was employed by VCS on June 1, 1987 and joined the United States Coast Guard Reserves on May 15, 1991. He continued his employment with the VCS while a member of the Reserves, but the employment was interrupted when the Coast Guard ordered him to report for “special active duty training” for eight days beginning August 2, 1992, in support of Operation Desert Shield/Dessert Storm. During the eight days, he was assigned to perform security duty at a port in Jacksonville guarding a ship being loaded with ammunition.
During the eight day assignment with the Coast Guard, Keller received his regular salary and full benefits from VCS. Although he received 17 days paid military leave per year, evidently the eight additional days exceeded the allotment when combined with other reserve time, and he used vacation leave to avoid being on unpaid status.
On May 11, 1993, Keller applied for the position of sergeant and was promoted to the position. He was promoted without receiving a veteran’s preference although he requested it. In February, 1995, he unsuccessfully applied for promotion to lieutenant and again requested a veteran’s preference which was denied. This time Keller filed a complaint with PERC which determined that *37 Keller was not entitled to the preference when he applied for the lieutenant’s position because the preference expired when he was promoted to sergeant in 1994.
Keller relies on section 295.09, Florida Statutes (1995) as the basis for his entitlement to a preference:
295.09 Reinstatement or reemployment; promotion preference
(l)(a) When an employee of the state or any of its political subdivisions employed in a position subject or not subject to a career service system or other merit type system ... has served in the Armed Forces of the United States and is discharged or separated therefrom with an honorable discharge, the state or its political subdivision shall reemploy or reinstate such a person ... [and] such person shall be awarded preference in promotion and shall be promoted ahead of all others who are as well qualified or less qualified for the position.
* * * ❖ * *
(c) The provisions of paragraphs (a) and (b) shall apply only to a veteran’s first promotion after reinstatement or reemployment, without exception.
We agree with PERC that the plain meaning of the statute clearly provides in subsection (l)(c) that the preference applies only to a veteran’s first promotion after reinstatement or reemployment. When Keller applied for the preference the first time and it was disallowed, his right to appeal was available then. Admirably, Keller was promoted without having to rely on that preference, but neither the denial of the preference, nor his promotion without the preference, entitled him to save or "bank” the preference for a future consideration of the promotion.
Keller also alleged that the hearing officer erred in determining that Keller’s employment was not interrupted by his short stint on active duty because he enjoyed the uninterrupted benefits of employment by VCS. Because of our affirmance of PERC’s dismissal of Keller’s complaint on the first issue discussed supra, this issue is moot.
AFFIRMED.
GOSHORN and GRIFFIN, JJ., concur.